IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSHUA MCDONALD, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.                                                                                Case No. 2:25-cv-12
                                                                               Judge Thomas Kleeh

ARCH RESOURCES, INC.
D/B/A Leer South Mine,

    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ARCH RESOURCES, INC. D/B/A LEER SOUTH MINE'S
<u>MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY</u>**

**I.      INTRODUCTION**

Defendant Arch Resources, Inc. d/b/a Leer South Mine[1] ("Arch") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) to dismiss or, in the alternative, to stay this putative class action brought by Plaintiff Joshua McDonald ("McDonald"). Despite the instant action, a substantively identical case was already pending before this Court in *Loughrie v. Core Natural Resources, Inc.*, Case No. 2:25-cv-4. Given the chronology, the identity of the parties, and the similarity of the issues exhibited here, the Court should apply the first-to-file rule to McDonald's subsequently filed action. Moreover, the policy considerations of avoiding duplicative litigation and conserving judicial resources further support applying the first-to-file rule, and no exceptions exist to bar its

---

[1] Leer South is the informal name for a coal mine in Barbour County, West Virginia which is operated by Wolf Run Mining, LLC. Arch did not at the time of the layoffs at the heart of this civil action, nor does it now, employ the individuals working at the Leer South mine. Rather, Arch is a corporate parent company over Wolf Run Mining, LLC, who employs the workers at the Leer South mine.

application. The Court should, therefore, grant this motion and enter an order dismissing or staying the instant case in accordance with the first-to-file rule.

## II.   STATEMENT OF THE CASE

### A.   This Action.

McDonald filed the instant class action before this Court on July 3, 2025, following a reduction in force at the Leer South mining complex in February 2025. His complaint contains a single WARN Act claim against Arch, alleging that the reduction in force constituted a "mass layoff" or "plant closing," as defined by the Act, and that Arch violated the Act by failing to provide him and other employees with the proper notice of their layoff as required by 29 U.S.C. § 2102(a). ECF No. 1 at ¶¶ 28, 31 (McDonald Compl.). McDonald further seeks to certify the following class: "all employees of each Defendant, at any work site or location in West Virginia, who were entitled to and did not receive proper WARN notice." *Id.* at ¶ 24.

### B.   The Loughrie Case.

On March 7, 2025, however, Jason Loughrie and Caleb Malcomb filed a class action ("Loughrie") against Arch's ultimate parent company, Core Natural Resources, Inc. ("Core"), alleging the very same facts and circumstances as those involved in the instant action. Similarly, the Loughrie complaint contains a single WARN Act claim that alleges violations of the Act for failing to give employees timely written notice of a "mass layoff" or "plant closing" at the Leer South mine as required by 29 U.S.C. § 2102(a). ECF No. 1 at ¶ 36 (Loughrie Compl.). The Loughrie complaint also sought to certify the following class: "All employees of [Core] who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of January 14, 2025." *Id.* at ¶ 24.  The plaintiffs in Loughrie filed a motion to certify class on September 5, 2025, that is still pending before this Court. ECF No. 36 (Loughrie

Mot. to Certify Class).[2] A scheduling order was entered on July 7, 2025, and the case is set for trial on July 20, 2026. ECF No. 25 (Loughrie Scheduling Order). Core has moved for summary judgment in the Loughrie matter. ECF No. 28.

### III.  DISCUSSION

**A.  Standard of Decision.**

Courts have analyzed motions to dismiss based upon the first-to-file rule under both Federal Rule 12(b)(1) and (6). *See Butler v. Fluor Corp.*, No. 0:17-cv-02201-JMC, 2018 U.S. Dist. LEXIS 232601, at *5 (D.S.C. Feb. 16, 2018) (applying the Rule 12(b)(1) standard to a motion to dismiss based upon the first-to-file rule); *Huntington Nat'l Bank v. Hard Rock Exploration, Inc.*, No. 1:16CV48, 2016 U.S. Dist. LEXIS 98051, at *8 (N.D.W. Va. July 27, 2016) (applying the Rule 12(b)(6) standard to a motion to dismiss based upon the first-to-file rule). Under Federal Rule of Civil Procedure 12(b)(1), courts may dismiss an action for lack of jurisdiction over the subject matter. Federal courts are courts of limited jurisdiction and are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *Cooper v. Productive Transp. Servs. (In re Bulldog Trucking)*, 147 F.3d 347, 352 (4th Cir. 1998). The plaintiff bears "the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In considering a Rule 12(b)(1) motion to dismiss, the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. (citation omitted). The court should grant the motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*. (citation omitted).

---

[2] Defendant does not concede that class certification is appropriate in either the Loughrie or McDonald matter.

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### B.     The First-to-File Rule Applies to the Instant Action.

The first-to-file rule is "an equitable doctrine traditionally standing for the proposition that '[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it.'" *Pfizer, Inc. v. Mylan, Inc.*, No. 1:09-CV-79, 2009 U.S. Dist. LEXIS 124954, at *4 (N.D.W. Va. Nov. 20, 2009) (citing *Smith v. M'Iver*, 22 U.S. 532, 535 (1824)). Therefore, generally, "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-General Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982). Courts have similarly applied the first-to-file rule when multiple suits are filed in the same district. *See Huntington Nat'l Bank v. Hard Rock Exploration, Inc.*, No. 1:16CV48, 2016 U.S. Dist. LEXIS 98051, at *8 (N.D.W. Va. July 27, 2016) ("The first-to-file rule may also apply where the parties file two actions in the same district court."); s*ee also Butler v. Fluor Corp.*, No. 0:17-cv-02201-JMC, 2018 U.S. Dist. LEXIS 232601, at *8 (D.S.C. Feb. 16, 2018); *SAS Inst., Inc. v. PracticingSmarter, Inc.*, 353 F. Supp 2d 614 (M.D.N.C. 2003); *Guill v. All. Res. Partners*, No. 16-CV-0424-NJR-DGW, 2017 U.S. Dist. LEXIS 44578, at *5 (S.D. Ill. Mar. 27, 2017).

In determining whether to apply the first-to-file rule, courts will consider the following three factors: (1) chronology, (2) identity of parties, and (3) similarity of issues. *See Pfizer Inc. v. Mylan Inc.*, No. 1:15CV4, 2015 U.S. Dist. LEXIS 85889, at *6 (N.D.W. Va. Apr.

24, 2015) (citations omitted). Moreover, this Court has recognized that "[t]he primary policies underlying the first-to-file rule are the avoidance of duplicative litigation, the promotion of uniformity of results, and the conservation of judicial resources." *Id*.

*First*, there is no question that Loughrie's complaint was the first to be filed. For the purposes of analyzing chronology, courts are only concerned with the date on which the court first acquired jurisdiction over the action. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.,* 544 F. Supp. 2d 949, 958 (N.D. Cal. 2008). Here, Loughrie and Malcomb filed their class action complaint on March 7, 2025, whereas McDonald filed his class action complaint on July 3, 2025, almost four months later. Therefore, because McDonald filed at a later date, the chronology factor is met.

*Second*, there is substantial overlap between the identities of the parties involved in each suit. Courts have long held that parties need not be identical for the first-to-file rule to apply. *See Moore's Elec. & Mech. Constr., Inc. v. SIS, LLC*, No. 6:15-cv-00021, 2015 U.S. Dist. 142145, at *10 (W.D. Va. Oct. 20, 2015). Instead, the parties need only to "substantial[ly] overlap". *See Save Power v. Syntek Fin. Corp*, 121 F.3d 947, 950–951 (5th Cir. 1997). As for class actions, "courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified." *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016) (finding that parties substantially overlapped when plaintiffs would undoubtedly be members of the putative class of an earlier filed case). Here, both the Loughrie and McDonald actions involve substantially similar parties. Although Arch Resources, Inc. d/b/a Leer South[3] and Core are not the exact same defendants, these two parties remain sufficiently

---

[3] Arch does not "d/b/a" Leer South. Regardless, for purposes of this Motion, that matter is irrelevant. It is clear that the allegations in the Complaint flow from the same nucleus of facts, and layoff, as the Loughrie case.

5

similar such that the first-to-file rule applies. As discussed above, Arch is a wholly owned subsidiary of Core and, thus, both entities are similarly connected to the allegations at issue in each action.[4] Moreover, the putative class defined in Loughrie undoubtedly covers members of the putative class defined in McDonald. Both classes, if certified, would include all employees separated from the Leer South mine on February 21, 2025, including Loughrie, Malcomb, and McDonald. Therefore, this substantial overlap establishes the identity of parties element of the three-prong test.

*Third*, the issues involved are identical. Similar to the identity of the parties factor, "the issues need only to substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791. Factually, both actions surround the very same set of events, with each plaintiff being among those separated from employment at Leer South. Legally, these actions allege the exact same misconduct and pursue the exact same cause of action, all on behalf of the exact same group of putative class members. Put differently, if McDonald is allowed to proceed, he would simply be litigating claims indistinguishable from those already raised in Loughrie. Such similarity of issues is more than enough to satisfy this third element. Overall, because McDonald's action was subsequently filed to Loughrie, involves substantially similar parties, and raises identical issues, the elements needed to apply the first-to-file rule are satisfied.

Moreover, applying the first-to-file rule in this case serves its underlying policies of avoiding duplicative litigation and conserving judicial resources. A dismissal of the instant action will reduce the burden on all parties, witnesses, and this Court by avoiding duplicative discovery and trials. It would hardly promote efficiency to simultaneously proceed with McDonald's claims, which would only require reiterative briefing, force witnesses to testify twice

---

[4] Both Loughrie and McDonald have named the wrong party in their respective cases. Wolf Run Mining, LLC is the proper defendant in this case, as it was the W-2 employer for the individuals affected by the layoff.

26949001.1

about the same issues, and needlessly utilize scarce judicial resources. The rule's application will also limit costs incurred by the parties and the Court by lessening the time needed to resolve these duplicative issues. Therefore, application of the first-to-file rule here would further serve its underlying purpose.

Finally, while various exceptions to the first-to-file rule have been recognized, none apply here. This Court has explained that some of those exceptions include considerations of "whether the balance of convenience weighs in favor of the second-filed court's continued exercise of jurisdiction of the suit, whether the suit is filed in bad faith, or whether the suit is filed for the purposes of forum shopping." *Pfizer*, 2015 U.S. Dist. LEXIS 85889, at *7 (citations omitted). Here, however, the relative convenience of the parties and concerns of forum shopping are immaterial because both cases have been filed within the same district. There are also no facts to suggest that either action was brought in bad faith. Thus, no exceptions preclude the application of the first-to-file rule in this case.

      **C.**    **The Court Should Dismiss or, Alternatively, Stay McDonald's WARN Action in Accordance with the First-to-File Rule.**

Because the first-to-file rule applies to the instant case, the Court should dismiss McDonald's WARN action or stay the action pending resolution of Loughrie. Under the first-to-file rule, "a district court may, in its discretion, dismiss, stay or transfer a later filed lawsuit in deference to the first-filed action." *Ohio Sec. Ins. Co. v. K R Enters.*, No. 1:15-16264, 2017 U.S. Dist. LEXIS 205530, at *9 (S.D.W. Va. Dec. 14, 2017) (citation omitted). Similar to the circumstances at issue here, the United States District Court for the Central District of California dismissed a second-filed action involving substantially similar issues and parties because equitable considerations warranted dismissal. *Ortiz v. Walmart, Inc.*, No. 2:20-cv-05052-AB-KK, 2020 U.S. Dist. LEXIS 181699, at *12–13 (C.D. Cal. Sept. 18, 2020). There, the plaintiff brought a class

7

action against the defendant alleging California Labor Code violations virtually identical to those in a class action complaint already filed. *Id*. at *10. Additionally, the second proposed class involved the same employees as the first. *Id.* at *9. Given equitable considerations, the district court ultimately decided to dismiss the later filed action. *Id.* at *12–13. The court explained that it saw "no reason why two substantially similar matters warrant duplicative litigation," and that the dismissal promoted efficiency, especially where the first action fully encompassed and provided redress for the allegations in the subsequent case. *Id.*

Alternatively, the United States District Court for the Southern District of Illinois in *Guill v. Alliance Resource Partners, L.P*, ultimately decided to stay a second-filed WARN action. 2017 U.S. Dist. LEXIS 44578, at *7. In *Guill*, two lawsuits alleging violations of the WARN Act were filed against the defendant, and it was argued that the later action should be dismissed under the first-to-file rule. *Id.* at *2–3. The court ultimately decided a stay was appropriate. *Id.* at *6. It reasoned that, in light of the substantial similarities, a stay would "simplify the issues and streamline the trial." *Id.* at *7. The court also reasoned that a stay would "avoid the inherent inefficiencies involved with duplicative litigation, [would] reduce the burden of litigation on the parties and the Court, and [would] not cause undue prejudice." *Id*.

As set forth above, much like the first-filed action in *Ortiz*, the first-filed Loughrie action fully encompasses and provides redress for the allegations in the instant case. The two cases involve the same cause of action, substantially similar defendants, and the same employees. There is no reason why these two practically identical cases should warrant duplicative litigation. Accordingly, in considering the underlying interests of judicial economy and efficiency, the Court should dismiss or, alternatively, stay McDonald's WARN action in accordance with the first-to-file rule.

8

## IV.    CONCLUSION

For the foregoing reasons, the Court should apply the first-to-file rule and, pursuant to Rule 12(b)(1) and (6), dismiss or, in the alternative, stay McDonald's later filed WARN action.

Respectfully submitted this 12th day of September 2025.

|  |  |
|---|---|
| **STEPTOE & JOHNSON PLLC**<br>Of Counsel | /s/Michael J. Moore<br>Michael J. Moore (WVSB #12009)<br>Amy M. Smith (WVSB #6454)<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>Phone:  (304) 933-8000<br>michael.moore@steptoe-johnson.com<br><br>Bryan Cokeley<br>Chase Tower, 17th Floor<br>707 Virginia Street East<br>Charleston, WV 25301<br>Phone:  (304) 353-8000<br>bryan.cokeley@steptoe-johnson.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSHUA MCDONALD, on behalf of himself
And all others similarly situated,

      Plaintiff,

v.                                                    Case No. 2:25-cv-12
                                                       Judge Thomas Kleeh

ARCH RESOURCES, INC.
D/B/A Leer South Mine,

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September 2025, I served the foregoing "**Memorandum of Law in Support of Defendant Arch Resources, Inc. d/b/a Leer South Mine's Motion to Dismiss or, in the alternative, to Stay**" using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

                Greg A. Hewitt (WVSB #7457)
                HEWITT & SALVATOERE, PLLC
                109 E. Main Street, Suite 200
                Beckley, WV 25801
                Phone: 304-574-0272
                Fax: 304-578-5345
                ghewitt@hewittsalvatore.com

                          */s/Michael J. Moore*
                          Michael J. Moore (WVSB #12009)